Filed 6/30/25  P. v. Wells CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>　　v.<br><br>CHRISTOPHER KELLY WELLS,<br><br>　　Defendant and Appellant. | A172937<br><br>(Sacramento County<br>Super. Ct. No. 13F02988) |

　　Christopher Kelly Wells appeals from an order denying his "Petition to Recall Sentence and Resentence Pursuant to Assembly/Senate Bills 81 Also All the One, Three, and Five Year Enhancement 'Priors.' "  We conclude the trial court's order was not appealable and therefore dismiss the appeal.

## I.  BACKGROUND[1]

　　On March 11, 2014, an amended consolidated information was filed alleging that Wells and a codefendant committed first degree robbery on May 20, 2013 (count one; Pen. Code,[2] § 211) and second degree robbery on June 1, 2013 (count two; § 211).  As to count one, it was alleged Wells personally used a firearm within the meaning of section 12022.53,

---

　　[1] By order of the Chief Justice dated April 10, 2025, this action was transferred from the Third Appellate District to this court.

　　[2] All statutory references are to the Penal Code.

subdivision (b).  Wells was also charged with committing assault with a firearm on June 2, 2013 (count three; § 245, subd. (a)(2)).  As to count three, it was further alleged Wells personally used a firearm within the meaning of section 12022.5, subdivisions (a) and (d).

The information also alleged two prior serious and violent felony convictions against Wells in Sacramento County cases Nos. FCH00908 and 09F02113 rendering him eligible for Three Strikes sentencing (§§ 667, subds. (a), (e)(2)(C) & 1170.12, subd. (c)(2)(C)).  As to case No. FCH00908, it was initially alleged that Wells committed assault by means of force likely to cause great bodily injury (§ 245, subd. (a)(1)).  The allegations were later amended over defense objection on April 25, 2014, to claim Wells committed assault with a deadly weapon.  As to case No. 09F02113, it was alleged Wells committed a first degree burglary (§ 459) on November 2, 2009.

On March 27, 2014, Wells was found guilty of first degree robbery and personal use of a firearm as charged in count one, second degree burglary as charged in count two, and assault with a firearm and personal use of a firearm as charged in count three.  The "strike priors" were found true by the trial court.

On April 25, 2014, Wells was sentenced to imprisonment for a term of 76 years to life plus an additional determinate term of 40 years.  In a nonpublished opinion, the Third Appellate District ordered corrections to the abstract of judgment and otherwise affirmed the judgment.  (*People v. Wells* (Nov. 19, 2015, C076411).)

On July 15, 2024, representing himself, Wells filed his "Petition to Recall Sentence and Resentence Pursuant to Assembly/Senate Bills 81 Also All the One, Three, and Five Year Enhancement 'Priors' " (the petition).  In

the petition, Wells requested a hearing to "dismiss all the prior conviction case enhancements" and for "consideration of the full sentence rules."

The trial court viewed the petition as "requesting a recall of the sentence and resentencing pursuant to Penal Code section 1172.1, subdivision (a)." On September 9, 2024, it dismissed the petition under section 1172.1, subdivision (c), and on the grounds that Wells was not entitled to file a request seeking relief from the court under section 1172.1, subdivision (a). The written order stated the court had not received a recommendation for recall and resentencing from an appropriate authorized agency and the trial court declined to consider recall and resentencing on its own motion.

Wells appeals the denial of his petition.

## II.  DISCUSSION

The appeal filed by Wells must be dismissed as appellate review of his petition is not available.

### A.    *Appealability*

The notice of appeal challenges the trial court order of September 9, 2024, which addressed Wells's petition as a request for recall of a sentence and resentencing pursuant to section 1172.1, subdivision (a). This statute permits certain government entities to move to recall a sentence and resentence a person. (§ 1172.1, subd. (a)(1).) However, a defendant is not permitted to file his own petition for relief. (*Id*., subd. (c).) "If a defendant requests consideration for relief under [section 1172.1], the court is not required to respond." (*Ibid*.)

"For decades, it has been established in the Court of Appeal that a defendant's appeal from a petition denying their motion under former section 1170, subdivision (d)(1), is 'not appealable as an order affecting the

3

substantial rights of the party . . . because the defendant has no right to request such an order in the first instance.' [Citations.] This same reasoning applies to the similar provisions now renumbered as section 1172.1. A defendant is not entitled to file a section 1172.1 petition nor to receive a ruling if he nevertheless files one. It follows that an appeal from an order acting on his petition (whether couched as a denial, dismissal, or any other statement that the court is not acting) does not affect the defendant's substantial rights. We lack the authority to rule on the merits of appeals from orders filed in response to a defendant's attempt to seek resentencing under section 1172.1. (§ 1237, subd. (b).)" (*People v. Faustinos* (2025) 109 Cal.App.5th 687, 695–696.) The court cannot "transform a nonappealable order (stating that it would not act on an unauthorized motion) into an appealable one by addressing a matter that it needed not address." (*Id.* at p. 698.) An order declining to exercise the court's discretion under section 1172.1 after receiving a defendant's unauthorized request for such relief is not authorized to be appealed. (*People v. Hodge* (2024) 107 Cal.App.5th 985, 999; § 1237, subds. (a), (b) [criminal defendants may appeal a final judgment of conviction and "any order made after judgment, affecting the substantial rights of the party"].)

Because the petition in this case was filed by Wells, and not by a government petitioner authorized by the statute to bring such actions, the trial court's decision on Wells's petition is not appealable, and this court does not have jurisdiction to consider it.

## B.     Wende *Review of Postconviction Orders*

Despite the lack of appealability, another consideration presents itself. Appellate counsel filed a brief that conceded there were no appellate issues, but did not acknowledge the action as nonappealable. The opening brief

4

merely signaled "[t]here may be a question as to the appealability" of the action. Additionally, counsel's brief only referenced *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) in support of counsel's request for this court to "independently review the entire record on appeal in this case." The brief did not cite other decisional authorities questioning the right to independent judicial review of postconviction orders.

Under certain circumstances, when appointed counsel files a brief stating he or she has found no arguable issues for an appeal, the court will conduct its own independent review for arguable issues. (*Wende*, *supra*, 25 Cal.3d 436; *Anders v. California* (1967) 386 U.S. 738 (*Anders*).)[3] This important procedure is a component of the constitutional right to assistance of counsel. (*People v. Kelly* (2006) 40 Cal.4th 106, 119 [the right to counsel entitles an indigent defendant to independent review by the Court of Appeal when counsel is unable to identify any arguable issue on appeal].)

Wells was advised this court would undertake a *Wende* review and was additionally informed of his right to file a supplemental brief raising issues

---

[3] *Anders* discusses constitutionally permissible conduct when counsel discerns no appellate issues. The opinion states: "[I]f counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. A copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that he chooses; the court—not counsel—then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous." (*Anders*, *supra*, 386 U.S. at p. 744.) *Wende* read *Anders* as requiring courts "to conduct a review of the entire record whenever appointed counsel submits a brief which raises no specific issues or describes the appeal as frivolous." (*Wende*, *supra*, 25 Cal.3d at p. 441.)

he believes deserve review. Although he did not file a supplemental brief, it is impossible to discern whether his silence relies upon a belief the denial of the petition is appealable, and upon his expectation that this court can and will conduct the *Wende* review his counsel requested.

The rules are different than Wells might have been led to believe. For when appellate counsel can find no appellate issues in a *postconviction order*, the defendant *does not* have a constitutional right to have the Court of Appeal conduct a *Wende* review. (*People v. Delgadillo* (2022) 14 Cal.5th 216, 227, 231.) *Delgadillo* considered circumstances where notice to the defendant was "suboptimal" because it indicated that *Wende* procedures applied, when they did not. (*Delgadillo*, at p. 222.) Additionally, there, the notice "did not inform Delgadillo that the appeal would be dismissed as abandoned if no supplemental brief or letter was filed." (*Ibid*.)

Given concerns we have about the notice Wells received regarding appealability of his case and the availability of *Wende* review, we have undertaken a review of the record on appeal—though not required to do so—and found no arguable issues for appellate review.

### III. DISPOSITION

The appeal is dismissed.

SMILEY, J.

WE CONCUR:

HUMES, P. J.

BANKE, J.

A172937
*People v. Wells*